UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| GARY MICHAELSON, et al. | ) | CASE NO. 8:14-cv-03049 |
| | ) | |
| Plaintiffs | ) | JUDGE E. A. KOVACHEVICH |
| | ) | |
| vs. | ) | |
| | ) | |
| FRONTIER ADJUSTERS, INC., et al. | ) | **CONSENT JUDGMENT ENTRY** |
| | ) | **(FINAL)** |
| Defendants | ) | |

By agreement and consent of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The stay of this action pending arbitration entered on July 6, 2015 is hereby lifted.

2. Plaintiffs Gary and Robyn Michaelson ("Plaintiffs"), their agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, are hereby enjoined and restrained from and ordered to:

   A. Cease any use of Frontier Adjusters, Inc., intellectual property, including, but not limited to, the style, service marks and trade names FRONTIER® and FRONTIER ADJUSTERS (with logo)® (the "Marks");

   B. Deliver to Frontier Adjusters, Inc. or its designee all books, records, client lists, operating manuals, materials containing the Marks, and files pertaining to pending and completed assignments for customers of Frontier Adjusters, Inc.;

  C. Cooperate with Frontier Adjusters, Inc. with respect to transferring control over the telephone and telecopier numbers utilized by Plaintiffs for the purpose of advertising their franchised locations;

  D. Refrain, for a period of two (2) years from the date hereof, from directly, or indirectly, for themselves, or through, on behalf of or in connection with any other person, partnership, corporation, limited liability company or entity, from competing with Frontier Adjusters, Inc. or any of its franchisees within and for a distance of 100 miles outside of i) Tampa Bay, Florida or (ii) Plant City/Brandon, Florida (the "Advertised Locations");

  E. Refrain, for a period of two (2) years from the date hereof, from directly, or indirectly, for themselves, or through, on behalf of or in connection with any other person, partnership, corporation, limited liability company or entity, soliciting or attempting to solicit or causing to be solicited, for purposes of competing with Frontier Adjusters, Inc. or any of its franchisees, the business or patronage of any person, firm or other entity that is a customer or client of Frontier Adjusters, Inc. or any of its franchisees;

  F. Refrain, for a period of two (2) years from the date of the order, from directly, or indirectly, for themselves, or through, on behalf of or in connection with any other person, partnership, corporation, limited liability company or entity, hiring, soliciting for employment or causing others to solicit for employment, any person who is, or on July 17, 2015 was, employed by Frontier Adjusters, Inc.;

  3. Judgment is hereby entered in favor of Frontier Adjusters, Inc. and against Plaintiffs, jointly and severally, in the amount of Forty-Five Thousand Dollars ($45,000.00), together with interest thereon from the date hereof and the costs of this action (the "Monetary Judgment").

  4. No execution shall issue on the Monetary Judgment (other than the filing judgment liens) for so long as Plaintiffs are in full compliance with their obligations under Paragraph 2 hereof. Furthermore, any monies actually recovered by Frontier Adjusters, Inc. (net of royalties) with respect to services performed by Plaintiffs (or their agents) for customers of Frontier Adjusters, Inc. prior to the date hereof and any proceeds actually received by

Frontier Adjusters, Inc. (net of out-of-pocket expenses related thereto) with respect to the sale or assignment of the Advertised Locations (collectively, the "Credits"), shall be applied towards the satisfaction of the Monetary Judgment.

5. In the event Plaintiffs fail to fully comply with their obligations under Paragraph 2 hereof, Frontier Adjusters, Inc. shall file an Affidavit of Default with the Court (and serve a copy thereof on Plaintiffs at their last known address), which Affidavit shall generally describe Plaintiffs' default(s) and provide an accounting of all Credits against the Monetary Judgment. Upon the filing of such an Affidavit, Frontier Adjusters, Inc. shall be free to execute on the full amount of the Monetary Judgment, together with interest thereon from the date hereof and the costs of this action, but less the Credits. If no Affidavit of Default is filed within two (2) years following the entry hereof, the Monetary Judgment shall be deemed satisfied.

6. Except as expressly set forth herein, all claims of all parties that were or could have been the subject of this action, are hereby dismissed, with prejudice, each party to bear his, her or its own costs and attorneys' fees.

7. This Court shall retain jurisdiction over this action for enforcement of this Judgment.

IT IS SO ORDERED.

Signed: July 21, 2015

Elizabeth A. Kovachevich
United States District Judge

2144293.1/28827.0027                         3

STIPULATED AND AGREED TO BY:

s/Brian C. Willis
Brian C. Willis, Esq.
Florida Bar No. 04290
SHUMAKER, LOOP & KENDRICK, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Tel: 813.229-7600
Fax: 813.229.1660
bwillis@slk-law.com

s/Donald A. Mooney
Donald A. Mooney, Esq.
Florida Bar No. 0773441
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Tel: 513.698-5000
Fax: 513.583.5001
dmooney@ulmer.com

s/Evan Goldman
Evan Goldman, Esq.
Marks & Klein, LLP
63 Riverside Avenue
Red Bank, New Jersey 07701
Tel: 732.747.7100
Fax: 732.219.0625
Email: derek@marksklein.com

Attorneys for Plaintiffs

s/Stephen A. Markus
Stephen A. Markus, Esq.
Ulmer & Berne LL
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
Tel: 216.223.8774
Fax: 216.583.7105
Email: smarkus@ulmer.com

Attorneys for Defendants